IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kahleif Whitfield, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | 20-cv- |
| -*vs*- ) | |
| ) | |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

# COMPLAINT

Plaintiff Kahleif Whitfield, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Kahleif Whitfield is a detainee at the Cook County Jail assigned jail number 2020-0301166.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official and individual capacity.

4. Defendant Cook County shares responsibility with defendant Dart for caring for detainees hospitalized at Stroger and is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Since approximately 2012 the plaintiff has been unable to walk due to injuries sustained by gunshot wounds. As a result of serious per-

sonal injuries, plaintiff has relied on a wheelchair to move from place to place.

6. Plaintiff was processed into the Jail on March 1, 2020. While at the Jail plaintiff contracted coronavirus.

7. On April 13, 2020, plaintiff was transferred to Stroger Hospital because he was seriously ill.

8. Whenever an inmate is hospitalized outside the Jail, Dart instructs correctional officers that an inmate should be shackled, hand and food, to the bed.

9. Consistent with Dart's instruction, correctional officers assigned to guard inmates at outlying hospitals engage in a widespread practice of shackling inmates to the bed.

10. Nearly all inmates hospitalized for coronavirus are shackled to their bed.

11. Sheriff Dart has personal knowledge of a widespread practice to shackle seriously ill inmates at outlying hospitals. By at least 2016 Sheriff Dart learned his correctional officers shackle hospitalized inmates by the defense of this widespread practice to a quadriplegic inmate in *Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016).

12. Dart's widespread restraint practice, applied to plaintiff, is excessive, causes gratuitous pain, and violates plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

13. As of April 21, 2020, 19 inmates are hospitalized outside the Jail.

14. There is no adequate remedy at law for Dart's restraint of plaintiff and similarly situated inmates at outlying hospitals.

15. Plaintiff brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates hospitalized outside the Jail with coronavirus.

16. Plaintiff seeks trial by jury for his damage claim.

It is therefore respectfully requested that the Court grant appropriate injunctive relief individually and for a class, that the Court award compensatory damages for plaintiff, and that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste. Rear
Chicago, IL. 60643
(773) 233-7900
patrickmorrissey1920@gmail.com